On Return to Remand

PATTERSON, Judge.
On June 21, 1996, we remanded this case to the trial court with instructions to provide a written order setting out the evidence relied upon and its reasons for revoking Robert L. Butts’s probation. 686 So.2d 1297 (Ala.Cr.App.1996). The trial court has complied with our instructions and has filed a proper return with this court. The return shows that Butts pleaded guilty on June 13,1994, to an indictment charging two counts of possession of controlled substances, and that he was sentenced on that date to two years’ imprisonment on one count and to six years’ imprisonment on the other count. He was also ordered to pay fines of $300 and $1,000 on the respective counts. The court suspended the sentences and placed Butts on five years’ probation. The return further shows that after proper notice and hearing, Butts’s probation was revoked on January 4, 1996, for failing to report to his probation officer for 10 months prior to the revocation hearing and for failing to pay supervision fees from November 1995 to the time of his arrest for the probation violations, both being conditions of his probation. The trial court’s order giving the reasons for the revocation and setting out the evidence' relied upon is proper and meets the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.